# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 2, 2010

No. 09-40651
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CARLOS ALBERTO CABRERA-RUIZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:09-CR-8-1

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Carlos Cabrera-Ruiz appeals the 108-month sentence imposed following his plea of guilty to conspiracy to transport aliens, resulting in two deaths. The district court deviated upward from the guidelines range of 78 to 97 months after concluding that the range did not adequately account for repeated instances of reckless endangerment, the number of deaths, and the injuries to several aliens. The court also concluded that the range was insufficient to satisfy the goals of adequate punishment, deterrence, and protection of the public.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We review the sentence for reasonableness in light of the factors set out in 18 U.S.C. § 3553(a), utilizing an abuse of discretion standard that affords deference to the district court's superior position to make sentencing determinations. *Gall v. United States*, 552 U.S. 38, 50–51 (2007). Under that standard, we cannot say that the sentence imposed was unreasonable. There was evidence that Cabrera-Ruiz guided numerous aliens through dangerous terrain and brush over a two-day period, with some reporting insufficient food and water and threats of physical violence from Cabrera-Ruiz; that upon reaching a rendezvous point, some 18 aliens were instructed to get into a single pickup truck, with some in the cab, some lying in the truck bed, and two having to ride in the truck's toolbox; that the driver left the road at high speed to avoid being stopped for a traffic violation; that an accident ensued, killing two of the aliens and causing injuries, some severe, to others; and that Cabrera-Ruiz fled without assisting any of those in the truck. These facts support the district court's analysis under the § 3553(a) factors.

Cabrera-Ruiz contends that the court failed sufficiently to account for his lack of criminal history and improperly held him responsible for the actions of the driver, over whom he had no control. Nevertheless, we cannot say that the district court unreasonably concluded that Cabrera-Ruiz bore substantial responsibility given his conduct and role, nor did the court unreasonably conclude that the guidelines range did not sufficiently account for the various instances of reckless endangerment over the course of the two-day journey, the two deaths, and the numerous injuries. We find no abuse of discretion in the court's determination that a sentence of 108 months, which is 11 months above the top of the guidelines range, was necessary to satisfy the goals of § 3553(a).

AFFIRMED.